UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Yahaira Camacho, individually and on behalf of herself and others similarly situated, | Civil No. | 14-CV-1089-CAB-BGS |
|---|---|---|
| Plaintiff, | | |
| v. | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE TRANSFERRED TO THE CENTRAL DISTRICT OF CALIFORNIA** | |
| ESA Management, LLC et al., | | |
| Defendants. | | |

On April 30, 2014, Plaintiff Yahaira Camacho filed a complaint for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. [Doc. No. 1]. The complaint alleges that Defendant ESA Management, LLC is a Delaware corporation with its headquarters in Charlotte, North Carolina. [Doc. No. 1 at ¶ 3]. The complaint further alleges that Plaintiff resides in Pomona, California, and applied for employment with Defendant at a location in Chino, California. [Doc. No. 1 at ¶ 4]. Venue in the Southern District appears to be based solely on the allegation that defendants are within the jurisdiction of this Court for service or process purposes, but there is no allegation that any of the transactions with Plaintiff occurred in San Diego.

The Court hereby **SET**S an Order to Show Cause Hearing for Thursday, **May 29, 2014** at **3:00 p.m.** in Courtroom 4C. Given that none of the parties appear to reside in San Diego and none of the transactions are alleged to have occurred in San Diego,

1

Plaintiff is **ORDERED TO SHOW CAUSE** on or before <u>May 23, 2014</u> why venue is proper in this district pursuant to 28 U.S.C. § 1391, and why this action should not be transferred to the Central District for the convenience of the parties and witnesses, and in the interest of justice pursuant to 28 U.S.C. § 1404(a). To assist the Court in determining whether transfer is appropriate and in the interest of justice, Plaintiff is directed to address the following:

(1) Whether Plaintiff's claims have any connection to the Southern District of California;

(2) Whether this action could have been brought in the Central District of California;

(3) Whether venue is appropriate in the Central District of California;

(4) What contacts, if any, each party has to the Central District of California and to the Southern District of California. Plaintiff should include information such as the location of any residences, administrative offices, real property, sources of revenue, and points of public contact;

(5) Which witnesses are expected to be called and where they reside;

(6) The availability of compulsory process to compel attendance of unwilling nonparty witnesses in the Central District of California as compared to the Southern District of California;

(7) The ease of access to sources of proof in each of the two forums;

(8) The expected difference in the cost of litigation in each of the two forums; and

(9) Whether there are any alternative forums, other than the Central District of California or the Southern District of California, that would be more convenient for this action and why, keeping in mind the inquiries above.

Plaintiff shall file a response to this Order, in writing not to exceed 5 pages, no later than May 23, 2014. Failure to timely respond to this Order will result in the transfer of this action to the Central District of California.

**IT IS SO ORDERED.**

2

14cv1089

DATED: May 14, 2014

**CATHY ANN BENCIVENGO**
United States District Judge